IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID PETERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3178 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | MEMORANDUM AND ORDER ON |
| Social Security, | ) | REVIEW OF THE FINAL DECISION OF |
| | ) | THE COMMISSIONER OF THE SOCIAL |
| Defendant. | ) | SECURITY ADMINISTRATION |
| | ) | |

Now before me is Plaintiff David Petersen's complaint, filing 1, which is brought pursuant to 42 U.S.C. § 405(g). The plaintiff seeks a review of a decision by the Commissioner of the Social Security Administration to deny the plaintiff's application for retirement insurance benefits under Title II of the Social Security Act (the Act), see 42 U.S.C. §§ 401 et seq. The defendant has filed an answer to the complaint and a transcript of the administrative record. (See filings 12-13.) In addition, the parties have filed briefs in support of their respective positions. (See Pl.'s Br., filing 15; Def.'s Br., filing 17; Pl.'s Reply Br., filing 19.)[1] I have carefully reviewed these materials, and I find that the Commissioner's decision must be reversed.

---

[1] On January 7, 2009, the defendant moved for an extension of time within which to file his response brief. (See filing 16.) In granting this motion, I stated that "the defendant's brief shall be filed and served on or before February 6, 2009, with the plaintiff's reply brief, if any, filed and served within a week thereafter." (See filing 18.) The defendant filed his response brief on January 8, 2009, but the plaintiff did not file his reply brief until February 10, 2009. (See filings 17, 19.) Although the plaintiff's reply brief was not filed within one week of the filing of the defendant's response brief, it seems to me that my order granting the defendant's motion for time could be read to state that the plaintiff's reply brief was due within one week of February 6, 2009. I shall consider the plaintiff's reply brief to have been filed timely.

## I.   BACKGROUND

The record indicates that the plaintiff worked as a military technician in the Nebraska Air National Guard from January 1972 until his retirement in October 2000.  (See Transcript of Social Security Proceedings (hereinafter "Tr."), filing 13, at 13.)  At some point following his retirement, he began to receive a pension based on his service in that position.  (See id.)  On April 20, 2006, the plaintiff filed an application for retirement insurance benefits.  (See id. at 17.) In a "Notice of Award" dated April 25, 2006, the Social Security Administration informed the plaintiff that although he was entitled to receive monthly retirement benefits, the amount of these benefits would be reduced because he is also entitled to receive "a pension based on work which is not covered by Social Security."  (Id. at 22.)  The plaintiff filed a request for reconsideration of this decision, but his request was denied in a notice dated May 15, 2006.  (See id. at 25-28.)  This notice states, in part, as follows.

> On May 9, 2006, you requested reconsideration stating that you believe that as a military technician in the Nebraska Air National Guard, you should be excluded from application of the Windfall Elimination Provision.  Your civil service pension is based wholly on service as a member of a uniformed military service.
>
> . . . .
>
> Your Social Security benefit is offset under the Windfall Elimination Provisions on account of your entitlement to a Civil Service pension.  Although your Civil Service pension may be based partly on your service in the military reserves or the National Guard, most of your pension is based on your service as a civilian employee.  The civilian part of your pension will still cause offset against your Social Security benefits and it is the civilian part that has caused your Social Security benefits to be offset.

(Tr. at 25-26.)  After receiving this notice, the plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (See id. at 29.)  No such hearing was held; instead, the ALJ made a decision "fully favorable" to the plaintiff "based on the documentary evidence alone." (Id. at 12.)  The ALJ's decision includes the following paragraphs.

> As the result of Congressional action in 1968, National Guard technicians became special, dual-status federal employees.  That is, they were paid by the hour as civil servants for their work during the week.  However, they were required to be a member of the National Guard and to participate in weekend and summer military training and drills.

> After serving in that dual-status position from January of 1972 until October of 2000, the claimant retired from the Nebraska Air National Guard and began to receive a pension based on that service. At least part of pension [sic] is paid by the Office of Personnel Management, a civilian component of the Federal government. As a result, the [Social Security] Administration determined that the Claimant's Social Security retirement benefit is subject to the [Windfall Elimination Provisions (WEP) of the Social Security Act].
>
> Section 215(a)(7)(A) of the Social Security Act, as amended, provides that the WEP does not apply to individuals who receive periodic payments "wholly for service as a member of a uniformed service[."] Thus, the issue in this case is whether the Claimant's employment as a National Guard technician falls within the category of workers for whom the WEP is excluded.
>
> The evidence shows that, while working as a National Guard technician, the Claimant was required to be a member of the Nebraska Air National Guard; was required to wear a National Guard uniform appropriate for his grade and component of the Armed Forces on a daily basis; was subject to military supervision and discipline, including courts-martial; was required to maintain military physical fitness qualifications; and would lose his job if he failed to meet any of the above military requirements. Additionally, he was subject to being called to active military duty in the United States Air Force. These conditions are not imposed on federal civil service employees.

(Tr. at 13.) Noting that "[t]he facts in this case are identical to those . . . in Price v. Barnhart, [No. 03-0005-CV-C-WAK,] an unreported case decided by the United States District Court for the Western District of Missouri, Central Division, on January 5, 2004," the ALJ concluded that "the Claimant's monthly pension as a military technician is based wholly on his service as a member of a 'uniformed service,'" and "[t]herefore . . . his retirement insurance benefits under Title II of the Social Security Act are not subject to the WEP." (Id. at 13-14.)

In a letter dated December 20, 2007, the Appeals Council informed the plaintiff that it would review the ALJ's decision because it "found that there is an error of law." (Tr. at 73.) On April 19, 2008, the Appeals Council notified the plaintiff that it "plan[ned] to make a decision finding [that his] Social Security benefit is subject to the modified benefit formula of section 215(a)(7) of the Social Security Act because [he] receive[s] a pension based on non-covered employment." (Id. at 79; see also id. at 78-81.) The Appeals Council explained that this "planned" decision would be delayed for at least thirty days so that the plaintiff might submit

3

additional evidence, request an appearance before the Appeals Council, or request a hearing before an ALJ. (Id. at 81.) It appears that the plaintiff submitted additional evidence for the Appeals Council's consideration, (see id. at 6), but there is no indication that he requested an appearance before the Council or a hearing before an ALJ.

On June 18, 2008, the Appeals Council reversed the ALJ's decision. (See Tr. at 6-8.) Although the Appeals Council adopted the ALJ's "statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable," it rejected the ALJ's "finding that the claimant's old-age ("retirement") insurance benefits are not subject to the windfall elimination provision." (Id. at 6.) In support of its decision, the Appeals Council stated,

> [An exhibit] which shows the claimant's yearly earnings for 1996 to 2000 . . . reflects that the majority of pay he received from the Air National Guard was covered for Medicare purposes only because it represented pay he received for services as a civilian employee of the United States. When he received pay for his activities as a member of the Air Force Reserve, Social Security taxes were withheld, and that amount was used to compute his Social Security benefit. For example, he received wages of $48,664.00 in his capacity as a civilian employee and paid only Medicare taxes on that amount and he also received $8464.35 for activities as a member of the Air Force Reserve and paid Social Security taxes on that amount. The $48,664 would have been used to compute the amount of his non-covered pension from the Office of Personnel Management, whereas the $8,464.35 would have been used in computing his Social Security benefit. If the $48,664.00 had been paid to him as a member of the uniformed service on active duty, Social Security taxes would have been withheld (section 210(l) of the Act) and that amount would have also been used to compute his Social Security benefit; but it would not have been available to compute his non-covered pension. Had all of the pay he received been as a result of his being a member of the uniformed service, as argued, there would be no issue of whether his Social Security benefit was subject to the modified benefit formula because he would not be entitled to a non-covered pension. All of his earnings would have been covered for Social Security purposes under section 210(l) of the Act.

(Tr. at 7.) The Appeals Council's decision stands as the Commissioner's final decision.

On August 20, 2008, the plaintiff filed the instant action. (See Compl., filing 1.) He asks that I either reverse the Commissioner's decision or remand it "for further proceedings consistent with the rulings of this Court and the Eighth Circuit Court of Appeals." (Id. at 4.)

## II. STANDARD OF REVIEW

I must review the Commissioner's decision to determine "whether there is substantial evidence based on the entire record to support the ALJ's factual findings." Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997) (quoting Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996)). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002) (quoting Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). I must also determine whether the Commissioner applied the proper legal standards to arrive at his decision. See Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir. 2000); Johnson, 108 F.3d at179; Nettles v. Schweiker, 714 F.2d 833, 835-36 (8th Cir. 1983). No deference is owed to the Commissioner's legal conclusions. See Brueggemann v. Barnhart, 348 F.3d 689, 692 (8th Cir. 2003); see also Hutchison ex re. Hutchison v. Chater, 99 F.3d 286, 288 (8th Cir. 1996) ("It is, emphatically, the province and duty of the judicial department, to say what the law is . . . ." (citations omitted)).

## III. ANALYSIS

The plaintiff argues that his retirement insurance benefits should not be reduced pursuant to the Windfall Elimination Provision of the Social Security Act (WEP), 42 U.S.C. § 415(a)(7)(A), because the pension that he receives through the Office of Personnel Management (OPM) falls within an exclusion specified in the WEP. I agree.

In pertinent part, the WEP states,

> In the case of an individual whose primary insurance amount would be computed under paragraph (1) of this subsection, who--
>
> (i) attains age 62 after 1985 (except where he or she became entitled to a disability insurance benefit before 1986 and remained so entitled in any of the 12 months immediately preceding his or her attainment of age 62), or
>
> (ii) would attain age 62 after 1985 and becomes eligible for a disability insurance benefit after 1985,

> and who first becomes eligible after 1985 for a monthly periodic payment (including a payment determined under subparagraph (C), <u>but excluding . . . a payment based wholly on service as a member of a uniformed service (as defined in section 410(m) of this title))</u> which is based in whole or in part upon his or her earnings for service which did not constitute "employment" as defined in section 410 of this title for purposes of this subchapter (hereafter in this paragraph and in subsection (d)(3) of this section referred to as "noncovered service"), the primary insurance amount of that individual during his or her concurrent entitlement to such monthly periodic payment and to old-age or disability insurance benefits shall be computed or recomputed under subparagraph (B).

42 U.S.C. § 415(a)(7)(A) (emphasis added). The sole issue raised by the parties is whether the plaintiff's OPM pension is "a payment based wholly on service as a member of a uniformed service." If, as the Commissioner has concluded, the pension is <u>not</u> such a payment, then the plaintiff's retirement benefits may properly be reduced as provided in the WEP. If the pension <u>is</u> such a payment, however, the highlighted statutory exception applies, and the plaintiff's retirement benefits may not be reduced under the WEP (i.e., he will receive both a "non-covered" OPM pension and unreduced Social Security retirement benefits).

      There is no dispute that the plaintiff's OPM pension is based "wholly on service" as a military technician with the Nebraska Air National Guard. (<u>See</u> Tr. at 13 ("After serving in that dual-status position [as a National Guard technician] from January of 1972 until October of 2000, the claimant retired from the Nebraska Air National Guard and began to receive a pension based on that service."); <u>see also</u> <u>id.</u> at 7 (explaining that the plaintiff's non-covered pension was calculated based on "pay he received from the Air National Guard.").) It is clear that the plaintiff's service as a military technician was service that he performed "as a member" of the Nebraska Air National Guard; indeed, the record indicates that the plaintiff was required to maintain membership in the Nebraska Air National Guard as a condition of his employment as a military technician. (<u>See</u> Tr. at 13 ("The evidence shows that, while working as a National Guard technician, the Claimant was required to be a member of the Nebraska Air National Guard; was required to wear a National Guard uniform appropriate for his grade and component of the Armed Forces on a daily basis; [etc.]").) <u>See also</u> <u>Hupp v. U.S. Dept. of the Army</u>, 144 F.3d 1144, 1145-46 (8th Cir. 1998) ("Under the National Guard Technicians Act of 1968 (NGTA), 32 U.S.C. § 709, an individual cannot hold employment as a National Guard civilian

6

technician unless that individual is a member of the National Guard and holds the military grade which the Secretary has specified for the position."). Also, by virtue of his membership in the Nebraska Air National Guard, the plaintiff was a member of a "uniformed service" within the meaning of the WEP. See 42 U.S.C. § 410(m) ("The term 'member of a uniformed service' means any person appointed, enlisted, or inducted in a component of the . . . Air Force . . . (including a reserve component as defined in section 101(27) of Title 38) . . . ." (emphasis added)); 38 U.S.C. § 101(27)(G) ("The term 'reserve component' means, with respect to the Armed Forces . . . the Air National Guard of the United States."); see also 32 U.S.C. § 101(6)-(7) (defining "Air National Guard" and "Air National Guard of the United States," respectively). Section 415(a)(7)(A) is clear and unambiguous, and the relevant facts are not in dispute. I find that, in accordance with the plain language of the WEP, the pension that the plaintiff receives through the OPM is "a payment based wholly on service as a member of a uniformed service." Thus, the OPM pension falls within one of the WEP's exclusions, and it follows that the plaintiff's retirement benefits may not be reduced under the WEP.

The Commissioner raises only two arguments in support of his determination that the WEP exclusion discussed above is inapplicable in this case. (See Def.'s Br., filing 17, at 4-8.) First, the Commissioner suggests that deference should be afforded to his decision because this case involves the "interpretation of a statute that [he] is charged to administer." (See Def.'s Br., filing 17, at 4 (quoting Weeks v. Quinlan, 838 F.2d 41, 43 (2d Cir. 1988).) I do not agree. It is true that in Weeks, the Second Circuit stated, "It is a well-established principle of administrative law that due weight or deference should be accorded to an agency's interpretation of a statute that it is charged to administer," and, "[I]t is clear that the agency's interpretation should be followed 'unless there are compelling indications that it is wrong.'" 838 F.2d at 43 (citations omitted). At issue in Weeks, however, was whether the Parole Commission's regulation defining types of parole–a regulation that was adopted pursuant to a delegation of authority from Congress–was "reasonable and consistent with the policy and purpose of the Parole Act." Id. at 47. In contrast, the instant case does not involve the validity of a Social Security regulation; rather, it involves the application of a statute to the facts at hand. This is a task that falls within the province of the courts, and I owe no deference to the Commissioner's opinion on this matter. Moreover, the

7

Commissioner's analysis of the application of the WEP to the plaintiff's OPM pension is patently incorrect; therefore, no deference would be owed to the Commissioner's conclusion even under the Weeks standard.[2]

Second, the Commissioner argues that because military technicians are defined as "Federal civilian employee[s]," it follows, ipso facto, that the plaintiff was not a member of a uniformed service within the meaning of the WEP exclusion. (See Def.'s Br., filing 17, at 7-8 (citing 10 U.S.C. § 10216(a).)[3] It is quite true that "[m]ilitary technicians (dual status) [are] authorized and accounted for as a separate category of civilian employees." 10 U.S.C. § 10216(a)(2). But I am not persuaded that this "civilian" designation prevents military technicians from being considered "member[s] of a uniformed service" within the meaning of the WEP. On the contrary, and as I have already explained, the relevant statutes state unambiguously that a military technician must be a member of a uniformed service (i.e., the National Guard). This was certainly true in the plaintiff's case; he could not have served in his position had he not been a member of the Nebraska Air National Guard. The Commissioner's suggestion that "[i]n his position as a military technician, Plaintiff . . . was not a member of a uniformed service" is plainly at odds with both the facts of this case and the relevant law, notwithstanding military technicians' statutory designation as federal civilian employees.

For the WEP exclusion to apply, the plaintiff need only show that his OPM pension is a

---

[2]The Commissioner also cites Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001), for the proposition that I must defer to his judgment in this case. (Def.'s Br., filing 17, at 4.) In Howard, the Eighth Circuit stated, without elaboration, "We defer heavily to the findings and conclusions of the SSA." 255 F.3d at 581. Clearly, however, it is not the law in this circuit that courts must "defer heavily" to the legal conclusions of the SSA. See Brueggemann v. Barnhart, 348 F.3d 689, 692 (8th Cir. 2003).

[3]I note in passing that the Appeals Council's decision was also based on the "civilian" nature of the plaintiff's Nebraska Air National Guard service. (See Tr. at 7.) The Appeals Council did not cite § 10216(a), but instead inferred that the plaintiff's pay was "civilian" based on the lack of Social Security tax withholdings from the plaintiff's Guard pay. (See id. ("In the claimant's case, his employer clearly distinguished the services he performed as a civilian technician for the United States from those he performed as a member of the uniformed services by making separate payroll entries for them and paying Social Security taxes only on services he performed as a member of the uniformed services.").)

"payment based wholly on service as a member of a uniformed service." 42 U.S.C. § 415(a)(7)(A).  The evidence clearly shows that this pension is indeed based wholly on service that the plaintiff performed as a member of the Nebraska Air National Guard   I see no grounds for reading an additional restriction into the statute (e.g., that the "service" at issue must be "accounted for" in a non-civilian fashion) in order to render the plaintiff ineligible for the exclusion.  In other words, although the Commissioner's decision has the virtue of eliminating an apparent windfall, it is inconsistent with the plain language of the Windfall Elimination Provision of the Social Security Act.

    **IT IS THEREFORE ORDERED** that the Commissioner of Social Security's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with the memorandum accompanying this order.

    Dated February 23, 2009.

                      BY THE COURT

                        s/   Warren K. Urbom
                        United States Senior District Judge