IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID PETERSEN,                    )
                                   )
                Plaintiff,         )              4:08CV3178
                                   )
        v.                         )
                                   )
MICHAEL J. ASTRUE, Commissioner of )         MEMORANDUM AND ORDER ON
Social Security,                   )          PLAINTIFF'S APPLICATION FOR
                                   )         ATTORNEY FEES UNDER THE EQUAL
                Defendant.         )           ACCESS TO JUSTICE ACT
                                   )

On May 18, 2011, the plaintiff filed an application for attorney fees under section 204(d) of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (See Pl.'s Application, ECF No. 39.) The plaintiff requests a fee award in the amount of $16,513.74, and he "requests $350.00 from the Judgment Fund for reimbursement of the filing fee." (Id. at 3.) The defendant does not object to a fee award in the amount requested by the plaintiff. (Def.'s Response at 1, ECF No. 42.) Nor does the defendant object to an award of $350 in costs, though the defendant asks that my order reflect the fact that the "award of costs is [to be] paid out of the Judgment Fund administered by the Department of the Treasury, and not out of the Social Security Administration appropriations." (Id. (citing 28 U.S.C. 2412(c)(1); 31 U.S.C. § 1304).)

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). I find that the plaintiff is a "prevailing party" within the meaning of the EAJA; that the defendant's position was not "substantially justified"; that there are no special circumstances that make an award unjust; that the plaintiff's counsel's devotion of 92.9 hours of work to this case was reasonable; and that counsel's request for hourly rates ranging from $163.75 to $176.25,[1] which is

---

[1] Counsel calculated cost of living adjustments for each month during which he worked on the case. This yields hourly rates by month ranging from a low of $163.75 in December 2008

1

supported by uncontested proof of increases in the cost of living, is reasonable.  See 28 U.S.C. §
2412(d)(2)(A)(ii); Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as
here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to
justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should
be awarded.").  (See also Pl.'s Exs. C-D, ECF No. 39-1.)   Counsel's calculations yield a fee of
$15,823.74.  (See Pl.'s Ex. D at 2, ECF No. 39-1.)  Counsel seeks an additional award of $690 for
brief writing assistance, which brings the total amount of the fee request to $16,513.74.   The
plaintiff's request for attorney's fees in the amount of $16,513.74 is granted.

The plaintiff's request for $350 in costs is also granted, though I note that counsel might have
requested reimbursement of the filing fee in a separate bill of costs.  See NECivR 54.1. This amount
should be paid by the Secretary of the United States Treasury.  See 28 U.S.C. § 2412(c)(1) (citing
28 U.S.C. § 2414).

The plaintiff's counsel, Roger D. Moore, asks that the fee award be paid to him.  (See Pl.'s
Application at 3, ECF No. 39.)  As the defendant correctly notes, however, "a § 2412(d) fees award
is payable to the litigant."   Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010).  (See also Def.'s
Response at 2 (citing Ratliff).)  In Ratliff, the Supreme Court stated, "We have long held that the
term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant."  130 S.
Ct. at 2525.  Because § 2412 states that costs, like fees, are awarded to the "prevailing party," see
28 U.S.C. § 2412(a)(1), (d)(1)(A), I shall order that the defendant reimburse the filing fee directly
to the plaintiff.

---

to a high of $176.25 in March, April, and May 2011.

**IT IS ORDERED** that the plaintiff's application for attorney fees under the Equal Access to Justice Act, filing 39, is granted, and the plaintiff is awarded attorney's fees in the amount of $16,513.74 and costs in the amount of $350, with both amounts to be paid directly to the plaintiff.

Dated June 27, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge